**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN LAMONT WATKINS-BEY, | : | |
| | : | Civil Action No. 08-4519 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OSCAR AVILES, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Kevin Lamont Watkins-Bey
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**CHELSER**, District Judge

Plaintiff Kevin Lamont Watkins-Bey, a prisoner confined at Hudson County Correctional Center in Kearny, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on four occasions, February 15, 2008, March 10, 2008, March 28, 2008, and April 21, 2008, money was removed from his institutional account for "postage" for mail sent to the Hudson County Courthouse in Jersey City, New Jersey. Plaintiff alleges that the mail was delivered not by the U.S. Postal Service, but by a non-postal worker. Plaintiff alleges that because the mail was delivered by someone other than the U.S. Postal Service, he should not have been charged "postage." Plaintiff does not allege that the mail was not properly delivered. The Court construes this as a claim that Plaintiff was deprived of property without due process in violation of the Fourteenth Amendment.

Plaintiff names as defendants Warden Oscar Aviles, Inmate Advocate Marcy Dressler,[1] and Management Specialist David Hatchett.[2]

---

[1] The claim against Defendant Marcy Dressler is that she informed Plaintiff that it was policy to charge "postage" for delivery of mail even by a non-postal worker and that she did not properly investigate this matter.

[2] The claim against Defendant David Hatchett is that he approved the withdrawal of money from Plaintiff's account for

Plaintiff seeks return of the money taken from his institutional account for "postage" on these four occasions and $3 million in damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary;

---

"postage," and that he refused to return the money.

the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

4

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

### A.  Deprivation of Property Claim

Plaintiff alleges that funds for "postage" were wrongfully withdrawn from his institutional account because on four occasions his mail was delivered to the Hudson County Courthouse by means other than the U.S. Postal Service.

Here, Plaintiff alleges a wrongful, but routine, deduction of fees from his institutional account for postage. Certainly, "[i]nmates have a property interest in funds held in prison accounts. Thus, inmates are entitled to due process with respect to any deprivation of this money." Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997) (citations omitted).

The requirements of due process are flexible and are determined with reference to the private interests at stake, the governmental interests, and the value of procedural requirements in that particular context. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Applying this standard, the Court of Appeals for the Third Circuit has found no procedural due process violation in the routine deduction from inmate institutional accounts, without a pre-hearing deprivation, of fixed fees for medical services and housing costs. See Reynolds v. Wagner, 128 F.3d at 179-81; Tillman v. Lebanon Co. Correctional Facility, 221 F.3d 410, 421 n.12 (3d. Cir. 2000) (citing United States v. James Daniel Good Real Property, 510 U.S. 43, 53 (1993)) (in "extraordinary situations" such as routine deduction of fees from a prisoner's account even without authorization, post-deprivation remedies may be adequate).

Similarly, other federal courts have held that prisons are entitled to recoup inmate postage expenses from funds deposited in inmates' institutional accounts, see Mayfield v. Wilkinson, 117 Fed.Appx. 939, 940, 2004 WL 2830830 (5th Cir. 2004), and that requiring a pre-deprivation authorization for deduction of postage assessments from prisoner accounts would be "unfeasible," see, Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir. 1981) (noting, also, that prisoners have no right to unlimited free access to the mails); Johnson v. Ozmint, 567 F.Supp.2d 806, 822-

7

23 (D.S.C. 2008).  Certainly this is so where the prisoners have adequate post-deprivation remedies such as a grievance procedure or state-law civil remedies.  See, e.g., Atwell v. Lavan, 557 F.Supp.2d 532, 555 (M.D. Pa. 2008); Johnson v. Ozmint, 467 F.Supp.2d at 822-23 (collecting cases).

Here, Plaintiff was assessed a non-punitive fee for value received, as were the prisoners in Wagner and Tillman.  Plaintiff does not allege that his mail was not delivered.  That the method employed was not Plaintiff's preferred U.S. Postal Service does not alter the fact that his mail was, in fact, delivered by means selected by prison officials and that the prison is entitled to recoup its costs for inmate mail delivery.  Plaintiff has adequate post-deprivation remedies to challenge any allegedly wrongful deduction, including a grievance procedure which he employed, and including civil remedies in state court.  See New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 et seq. (2001).  Accordingly, this claim must be dismissed with prejudice for failure to state a claim.

B.   Claim for Failure to Investigate

Plaintiff alleges that Defendant Marcy Dressler failed to investigate his grievance regarding the withdrawal of funds from his institutional account for "postage."

"However, laxity in investigation, without active concealment, does not amount to a violation of [an individual's]

constitutional rights.  See Flores v. Satz, 137 F.3d 1275, 1278 n.7 (11th Cir. 1998); Bell, 746 F.2d at 1261-62 (distinguishing active concealment from cases involving officers 'lax in their investigatory duties')."  Kelso v. City of Toledo, 77 Fed.Appx. 826, 833, 2003 WL 22284122, 7 (6th Cir. 2003).  See also Graw v. Fantasky, 68 Fed.Appx. 378, 2003 WL 21523251 (3d Cir. 2003) (unpubl.) ("'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'") (quoting unpubl. District Court opinion) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)).  Cf. Burnside v. Moser, 138 Fed.Appx. 414, 416, 2005 WL 1532429 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process); Lewis v. Williams, 2006 WL 538546, *7 (D. Del. 2006) (failure to investigate a grievance does not raise a constitutional issue) (collecting cases).

Accordingly, the claim for "failure to investigate" will be dismissed with prejudice for failure to state a claim.

V.   CONCLUSION

For the reasons set forth above, the Complaint shall be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff could cure the

deficiencies of the Complaint by amendment.  An appropriate order follows.


       s/ Stanley R. Chesler
Stanley R. Chesler
United States District Judge

Dated: March 3, 2009